IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:07CV180-03-MU

| | |
|---|---|
| DAVID HAROLD CARR, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>Lieutenant J.R. HEAD et.,al. )<br>)<br>Respondent. )<br>_____ ) | **O R D E R** |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed May 17, 2007. (Document No. 1. )

Plaintiff alleges that on May 18, 2006, he was physically assaulted by two prisoners, Bobby English and David Pearson, at the Burke County Jail resulting in a fractured nose, bruised ribs and swelling of the his face and head. Plaintiff alleges that these two prisoners were paid to beat him up by Officers Bradshaw, Wilson and Lieutenant Head. Plaintiff further alleges that the officers failed to provide him any medical care after he had been beaten by the inmates and that upon return from the hospital, unnamed staff refused to allow him to follow up with a medical appointment set up by the emergency room doctor who examined him and refused to allow fill the prescription written for him by the emergency room doctor.

In his Complaint Plaintiff named six defendants. Four of the six are officials from the Burke County Jail. The last two, Bobby English and David Pearson, are prisoners at the Burke County Jail.

1

# I. ANALYSIS

**1. Defendants English and Pearson Are Not State Actors**

A cause of action under 42 U.S.C. § 1983 requires a deprivation of a right secured by the Constitution of the United States by a person acting under color of state law. A defendant in a 1983 case must be a state actor. Defendants Bobby English and David Pearson are fellow inmates of the Plaintiff but not state actors. Therefore, Defendants English and Pearson must be dismissed. Plaintiff has not stated a claim for relief against these defendants under 42 U.S.C. § 1983.

**2. There are no factual allegations related to Defendant Sheriff McDevitt**

Although Plaintiff has listed Sheriff McDevitt as a defendant in his Complaint, there are no allegations specifically against Sheriff McDevitt. In fact, Sheriff McDevitt is listed as a defendant but not mentioned again in the Complaint. Because Plaintiff does not specifically allege that Sheriff McDevitt was in any way involved in the assault against him, or knew about the assault, by Defendants English and Pearson, there is no valid cause of action against him and he is dismissed from the case.

To the extent that Plaintiff has included Sheriff McDevitt in his Complaint in his capacity as Sheriff of Burke County, the Court notes that the doctrine of respondeat superior is generally inapplicable to § 1983 suits. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). Additionally there is no allegation that Sheriff McDevitt instituted any official policy that any other defendant was following which caused Plaintiffs alleged constitutional deprivations. Therefore, there is no basis upon which to attach supervisory liability to Sheriff McDevitt. Fisher v. Washington Metro. Area Transit Auth., 690 F.2d 1133, 1142-43 (4th Cir. 1982).

The only theory upon which to attach supervisory liability to Sheriff McDevitt then is if

Sheriff McDevitt acted with deliberate indifference to the acts of his subordinates. A higher official may be liable for acts of his subordinates if (1) the official is actually or constructively aware of pervasive, unreasonable risk of harm from a specified source, (2) the official is deliberately indifferent to that risk, and (3) there exists an affirmative causal link between the supervisors inaction and the constitutional injury. Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999).

Here, there is no allegation that Sheriff McDevitt had knowledge of any "pervasive, unreasonable risk of harm". The allegations in the complaint that Defendant Head, Wilson and Bradshaw paid two inmates to assault Plaintiff and the claims of deliberate indifference to Plaintiff's medical needs simply do not establish that Sheriff McDevitt knew of any unreasonable risk to Plaintiff. Therefore, Plaintiff has failed to state a claim against Sheriff McDevitt.

**3. Plaintiff Has Stated A Claim for Relief Against Defendants Head, Wilson and Bradshaw**

With respect to Defendants Head, Wilson and Bradshaw, Plaintiff alleges that Defendants Bradshaw, Wilson and Head paid Defendants English and Pearson to assault him. To be sure, a prison has some duty to protect prisoners from violence. The Eighth Amendment imposes a duty on prison officials "to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994). To establish a claim under § 1983 for failure to protect from violence, an inmate must show; (1) "serious or significant physical or emotional injury," DeLonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003); and (2) that the prison official has a "sufficiently culpable state of mind." Farmer, 511 U.S. at 834.

Here, Plaintiff has alleged that as a result of the beating he received he sustained a fractured nose, bruised ribs and swelling of the face and head. These injuries are sufficient to satisfy the

threshold requirement of an injury. Additionally, Plaintiff has alleged that Defendants Head, Wilson and Bradshaw "paid" Defendants English and Pearson with cigarettes to assault. Plaintiff contends that he has witnesses who can substantiate his claim. As such, Plaintiff's allegation that Defendants Head, Wilson and Bradshaw paid two prisoners to assault Plaintiff survives initial review and Defendants Head, Bradshaw and Wilson are directed to file an Answer to this claim.

**4. Plaintiff has Not Stated a Claim for Deliberate Indifference**

To the extent Plaintiff alleged that Defendants Bradshaw and Wilson were deliberately indifferent to his medical needs, this claim must fail. Plaintiff claims that Officers Bradshaw and Wilson checked on him shortly after he was beaten by Defendants English and Pearson. Plaintiff contends that Officers Bradshaw and Wilson saw how badly he was beaten, but did not call for medical help until an hour or two after the beating and only after the trustee called them to alert them that Plaintiff needed medical attention. Plaintiff clearly feels that Defendants did not act quickly enough and were not caring enough because they did not assist him in moving from his cell where the assault took place to a holding cell or in getting into the sheriff's car when being transported to the hospital. However, the fact is that Plaintiff was taken to the hospital and treated within a few hours of the assault. Plaintiff has not alleged that any delay in getting him to the hospital caused him any further injury. Therefore, Plaintiff has not stated a claim for deliberate indifference to his medical condition against Defendants Bradshaw and Wilson.

Finally, Plaintiff claims that after he was seen in the hospital, the emergency room doctor made an appointment for him to follow up with another doctor and prescribed him some medicine. Plaintiff contends that "staff at Burke County Jail" did not allow him to attend the follow up appointment because "[he] did not need to follow up with the appointment because [he] was fine."

(Complaint at 5.) Additionally, Plaintiff contends that the "staff" was grossly negligent because they did not "get the medicine prescribed in [his] name to [him] by the E.R. Doctor." (Id.) With respect to the above allegations, it appears that Plaintiff is attempting to state a claim for deliberate indifference to his medical needs in violation of the Eighth Amendment, however, Plaintiff does not name any specific staff member who refused to allow him to follow up with his medical appointment or who failed to provide him with the medicine the emergency room doctor prescribed. Additionally, Plaintiff does not allege any further injury from the refusal to allow him to attend his follow up appointment or from the refusal to provide him the medicine prescribed. As such, Plaintiff has failed to state a claim for relief.

**5. Plaintiff's Request to be Moved to Another Facility**

On the same day that Plaintiff filed his Complaint, he also filed a letter addressed to the Clerk of Court in which he expressed concern for his safety in continuing to be housed in Burke County after filing this lawsuit. The Court trusts that Defendants and officials at the Burke-Catawba Confinement Facility appreciate the seriousness of Plaintiff's allegations and that all efforts will be made to protect Plaintiff's safety at all times and especially during the pendency of this litigation. To the extent that officials at the Burke-Catawba Confinement Facility deem it appropriate to transfer Plaintiff to another facility during the pendency of this litigation or permanently, this Court has no objection and leaves that to the discretion of prison officials.

## II. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1)     Defendants McDevitt, Pearson and English are dismissed.

2)     Defendants Head, Wilson and Bradshaw shall file an Answer to Plaintiff's Complaint

in accordance with the Federal Rules of Civil Procedure. Such answer shall detail Plaintiff's allegation that Defendants Head, Wilson and Bradshaw paid inmates English and Pearson with cigarettes to assault him. The remaining claims against Defendants Wilson, Head and Bradshaw are dismissed pursuant to this Order.

3) The Clerk shall issue summons and deliver it forthwith to the U.S. Marshall who will make service of process without additional cost.

4) The Clerk is directed to send a copy of this Order to the Burke County Sheriff, John T. McDevitt.

**SO ORDERED**.

Signed: May 21, 2007

Graham C. Mullen
United States District Judge

cc:  Burke County Sheriff, John T. McDevitt
     150 Government Drive
     Morgantown, NC 28655