IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:07CV180-03-MU

| | |
|---|---|
| DAVID HAROLD CARR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **O R D E R** |
| LIEUTENANT J.R. HEAD, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion to Compel Discovery and to Appoint Counsel (Document No. 14.) For the reasons stated in this Order, Plaintiff's Motion will be denied.

According to the record, on May 17, 2007 Plaintiff filed a civil rights Complaint under 42 U.S.C. § 1983 alleging that he was physically assaulted by two prisoners, Bobby English and David Pearson, at the Burke County Jail resulting in a fractured nose, bruised ribs and swelling of the his face and head. Plaintiff alleges that these two prisoners were paid to beat him up by Officers Bradshaw, Wilson and Lieutenant Head. Plaintiff further alleges that the officers failed to provide him any medical care after he had been beaten by the inmates and that upon return from the hospital, unnamed staff refused to allow him to follow up with a medical appointment set up by the emergency room doctor who examined him and refused to fill the prescription written for him by the emergency room doctor. In his Complaint Plaintiff named six defendants. Four of the six are officials from the Burke County Jail. The last two, Bobby English and David

1

Pearson, are prisoners at the Burke County Jail. By Order Dated May 21, 2007 this Court dismissed defendants McDevitt, Pearson and English and directed Defendants Head, Wilson and Bradshaw to file an Answer to Plaintiff's Complaint (Document No. 5.) On June 1, 2007 Defendants Head, Wilson and Bradshaw filed an Answer denying the essential allegations of the Complaint and asserted the affirmative defense of qualified immunity and failure to state a claim upon which relief can be granted.

By the instant motion, Plaintiff seeks to compel Defendants to provide "[a] copy of court reported on August 3, 2006 and November 31, 2006" and "[a] incident report from Sgt. Crump and a Incident Report from Sheriff John T. McDevitt" and "a copy of the log book from the Incident Report on March 18, 2006 and the Day they move me to Burke/Catawba Jail." (Motion at 1.) Plaintiff also requests that the Court appoint him a lawyer to represent him in this case.

With respect to the above discovery requests, this Court has forwarded Plaintiff's motion to counsel for the Defendants and asks that counsel consider whether such requests are appropriate and respond accordingly. The Court will deny Plaintiff's motion to compel as it is premature.

With respect to Plaintiff's request for the appointment of counsel, Plaintiff's motion will be denied. Appointment of counsel under § 1915(e)(1) in cases brought under 42 U.S.C. § 1983 is discretionary. Whisenant v. Yuan, 739 F.2d 160, 163 (4th Cir. 1984). Counsel should be appointed in "exceptional circumstances." Id.; Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975). The existence of "exceptional circumstances" depends upon two factors: type and complexity of case and ability of pro se litigant to present case. Whisenant, 739 F.2d at 163. At this time, the Court does not construe this as a complex case and notes that the Plaintiff is adequately

representing himself.

Finally, on its own motion, the Court sets the following dispositive motions schedule: dispositive motions, particularly motions for summary judgment, must be filed within forty-five (45) days of the date of this Order. In the event that the parties choose not to file any such motions, they should advise the Court of that fact within twenty (20) days of the date of this Order. Furthermore, inasmuch as the plaintiff is appearing <u>pro se</u>, the Court specifically advises him that under the provisions of Rule 56(a) of the Federal Rules of Civil Procedure, he may "move with or without supporting affidavits for a summary judgment" in his favor upon all or any portion of his claims.

**NOW, THEREFORE, IT IS ORDERED**:

1. Plaintiff's Motion to Compel is denied as premature;

2. Plaintiff's Motion for Appointment of Counsel is denied;

3. The parties have forty-five (45) days from the date of this Order in which to file any dispositive motions which they may choose to file;

4. In the event that either party chooses not to file a dispositive motion, such party shall advise the Court of that decision within twenty (20) days of the date of this Order;

5. That the Clerk shall provide plaintiff with a copy of Rule 56 of the Federal Rules of Civil Procedure;

6. That the Clerk shall send a copy of this Order to Counsel for the Defendants so that counsel can determine whether Plaintiff's discovery requests are appropriate.

**SO ORDERED**.

Signed: June 18, 2007

Graham C. Mullen
United States District Judge