IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:07CV180-03-MU

DAVID HAROLD CARR,                        )
                                          )
        Plaintiff,                        )
                                          )
        v.                                )
                                          )          **O R D E R**
LIEUTENANT J.R. HEAD, et al.,             )
                                          )
        Defendants.                       )
_____ )

**THIS MATTER** comes before the Court on Plaintiff's Motion to Compel Discovery,

Appoint Counsel and for additional time (Document No. 21.)

According to the record, on May 17, 2007 Plaintiff filed a civil rights Complaint under 42

U.S.C. § 1983 alleging that  he was physically assaulted by two prisoners, Bobby English and

David Pearson, at the Burke County Jail resulting in a fractured nose, bruised ribs and swelling

of the his face and head.  Plaintiff alleges that these two prisoners were paid to beat him up by

Officers Bradshaw, Wilson and Lieutenant Head.  Plaintiff further alleges that the officers failed

to provide him any medical care after he had been beaten by the inmates and that upon return

from the hospital, unnamed staff refused to allow him to follow up with a medical appointment

set up by the emergency room doctor who examined him and refused to fill the prescription

written for him by the emergency room doctor.  In his Complaint Plaintiff named six defendants.

Four of the six are officials from the Burke County Jail.  The last two, Bobby English and David

Pearson, are prisoners at the Burke County Jail.  By Order Dated May 21, 2007 this Court

1

dismissed defendants McDevitt, Pearson and English and directed Defendants Head, Wilson and Bradshaw to file an Answer to Plaintiff's Complaint (Document No. 5.) On June 1, 2007 Defendants Head, Wilson and Bradshaw filed an Answer denying the essential allegations of the Complaint and asserted the affirmative defense of qualified immunity and failure to state a claim upon which relief can be granted. It appears that Defendants may be entitled to summary judgment as a matter of law.

By the instant motion, Plaintiff seeks to compel Defendants to provide: 1) the reasons Defendant Head has been terminated from his employment; 2) duty rosters and personnel records "so plaintiff could identify the officers who were involved with my beaten"; 3) background check of Reggie Wilson from time he worked for Valdese Police Department; 4) record of Bobby English's history at the Burke County Jail; 5) transcript in Superior Court on August 3, 2006 where Lt. John R. Head lied to Judge Morgan; 6) written statement of how officers are to respond to inmate being beaten in his cell; 7) page 156 of log book to determine whether Lt. Head moved anyone out of CIL before Plaintiff arrived. Plaintiff also asks for subpoenas for several witnesses to testify at trial.[1] Finally Plaintiff asks for more time to prepare his case and for a court appointed attorney.

With respect to request 1 through 5, the Court denies these requests. Requests #1, 3 and 5 are not relevant. Request #2 is not relevant in that Plaintiff has already filed his Complaint and a Motion for Summary Judgment is Pending. The requested discovery is tantamount to a fishing expedition in an effort to add more defendants. As such, request # 2 is denied. With respect to request number 4, the affidavit of Mr. Head, attached to Defendants' Motion for Summary

_____

[1] This request si denied as premature in that a trial has not been scheduled.

Judgment, indicates that Defendant English had no history of altercations with any other inmates. Therefore the information requested has already been provided to Plaintiff. However, the Court directs defense counsel to confirm that the information provide in Mr. Head's affidavit regarding prior altercations involving inmates English and Pearson is correct. If in the course of confirming this information, defense counsel learns the information is not accurate, defense counsel is directed to produce such documents to Plaintiff. Request # 6 for any policy regarding the procedure for responding to an inmate being beaten in his cell is relevant to the issues before the Court and to the extent there is such a policy, the Court directs defense counsel to provide such policy to Plaintiff. Request # 7 for page 156 of the log book may be not be relevant, however, it is not burdensome to produce, so to the extent it is available, the Court directs defense counsel to produce page 156 of the log book to Plaintiff.

With respect to Plaintiff's request for the appointment of counsel, Plaintiff's motion will be denied. Appointment of counsel under § 1915(e)(1) in cases brought under 42 U.S.C. § 1983 is discretionary. Whisenant v. Yuan, 739 F.2d 160, 163 (4th Cir. 1984). Counsel should be appointed in "exceptional circumstances." Id.; Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975). The existence of "exceptional circumstances" depends upon two factors: type and complexity of case and ability of pro se litigant to present case. Whisenant, 739 F.2d at 163. At this time, the Court does not construe this as a complex case and notes that the Plaintiff is adequately representing himself.

With respect to Plaintiff's request for additional time, Plaintiff's request will be granted. The Court noes that by Order dated August 7, 2007 this Court directed Plaintiff to respond to Defendants' Motion for Summary Judgment on or before September 7, 2007. Plaintiff filed a the

instant motion on August 29, 2007 asking for discovery, the appointment of counsel and additional time to prepare his case. The Court will allow Plaintiff an additional thirty (30) days from the date of this Court's Order to file a response in opposition to Defendants' Motion for Summary Judgment pursuant to Rule 56(e) of the Federal Rules of Civil procedure. The Court directs Plaintiff to this Court's Order dated August 7, 2007 for specific guidance on filing an opposition. Further, without evidence of great necessity, this Court will not likely grant any further extensions of time.

**NOW, THEREFORE, IT IS ORDERED**:

1. Plaintiff's Motion to Compel is granted in part and denied in part. To the extent the motion to compel has been granted, defense counsel is directed to produce such material within ten (10) days from the date of this Order ;

2. Plaintiff's Motion for Appointment of Counsel is denied;

3. Plaintiff has thirty days from the date of this Order to file a response to Defendants' Motion for Summary Judgment. **Failure to respond within this time period may subject this action to summary judgment.**

**SO ORDERED**.

> Signed: September 13, 2007
>
> Graham C. Mullen
> United States District Judge