IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:07CV180-03-MU

DAVID HAROLD CARR,                     )
                                       )
          Plaintiff,                   )
                                       )
          v.                           )          **O R D E R**
                                       )
Lieutenant J.R. HEAD et.,al.           )
                                       )
          Defendants.                  )
_____)

**THIS MATTER** comes before the Court on Plaintiff's Complaint under 42 U.S.C. § 1983

(Doc. No. 1), Defendants' Answer and Motion for Summary Judgement (Doc. Nos. 13,19, and 29),

and  Plaintiff's response to Defendants' Motion for Summary Judgment (Doc. No. 25).

Plaintiff alleges that on May 18, 2006, he was physically assaulted by two prisoners, Bobby

English and David Pearson, at the Burke County Jail resulting in a fractured nose, bruised ribs and

swelling of the his face and head.  Plaintiff alleges that these two prisoners were paid to beat him up

by Officers Bradshaw, Wilson and Lieutenant Head.  Plaintiff further alleges that the officers failed

to provide him any medical care after he had been beaten by the inmates and that upon return from

the hospital, unnamed staff refused to allow him to follow up with a medical appointment set up by

the emergency room doctor who examined him and refused to fill the prescription written for him

by the emergency room doctor.

By Order Dated May 21, 2007 this Court dismissed defendants McDevitt, Pearson and

English and dismissed the deliberate indifference claims against Defendants Wilson and Bradshaw.

1

The Court directed Defendants Head, Wilson and Bradshaw to file an Answer to Plaintiff's Complaint with respect to the claim that Defendants Head, Wilson and Bradshaw paid inmates English and Pearson with cigarettes to assault him. (Document No. 5.)

On June 1, 2007 Defendants Head, Wilson and Bradshaw filed an Answer denying the essential allegations of the Complaint and asserted the affirmative defense of qualified immunity and failure to state a claim upon which relief can be granted.

## I. ANALYSIS

With respect to Defendants Head, Wilson and Bradshaw, the only remaining Defendants, Plaintiff alleges that Defendants paid inmates English and Pearson to assault him. To be sure, a prison has some duty to protect prisoners from violence. The Eighth Amendment imposes a duty on prison officials "to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994). To establish a claim under § 1983 for failure to protect from violence, an inmate must show; (1) "serious or significant physical or emotional injury," DeLonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003); and (2) that the prison official has a "sufficiently culpable state of mind." Farmer, 511 U.S. at 834. Simply put, in order to succeed on a claim of deliberate indifference to Plaintiff's safety, Plaintiff must show that the Defendants knew of and disregarded an excessive risk to Plaintiff's health or safety, were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and drew that inference. Rich v. Bruce, 129 F.3d 336, 338 (4th Cir. 1997) citing Farmer, 511 U.S. 825 at 837.

First, there is no evidence that Defendants paid inmates English and Pearson to assault Plaintiff. The Defendants have each filed an affidavit and deny that they paid English and Pearson, or any other inmate, to assault the Plaintiff. (Head Dec., ¶ 2; Bradshaw Dec. ¶ 2 and Wilson Dec.

¶ 2.) Furthermore, the timing of Plaintiff's arrival at the jail at 3:55[1] on March 18, 2006, makes any allegation that the defendants paid Pearson and English to assault him unlikely. Defendant Head was not even at the jail when Plaintiff arrived nor is there any evidence indicating that he knew Plaintiff was arriving on March 18, 2006. Defendant Head was also not at the jail when Plaintiff was assaulted. Defendant Bradshaw arrived at work on March 18, 2006 at 5:12 [2] and Defendant Wilson arrived at work at 5:23.[3] There is no evidence indicating that Defendants Wilson and Bradshaw knew that Plaintiff was arriving at the jail on March 18, 2006. The Burke County Jail Log Book indicates that Defendant Bradshaw checked inmate cells at 5:45 and learned from Plaintiff that he had been in a fight with inmates Pearson and English and that he needed medical attention. The timing between Defendants' arrival at work and Plaintiff's altercation with inmates Pearson and English makes it unlikely that Defendants Bradshaw and Wilson could have learned of Plaintiff's arrival at the jail and arranged to have inmates Pearson and English assault Plaintiff in exchange for cigarettes. Plaintiff provides nothing but conclusory allegations to support his theory and provides nothing in the way of an evidentiary forecast that supports this claim..

Next, Plaintiff has advanced no evidence that any of the Defendants knew that either Pearson or English were a risk to Plaintiff or any other inmates. See Rich, 129 F.3d at 340; Nichols v. Maryland Correctional Institution, 186 F.Supp 575, 581-82 (D.Md. 2002) (no deliberate indifference

---

[1] In his Complaint, Plaintiff states he arrived at the jail around 4:30. Defendants contend that Plaintiff arrived at the jail at 3:55 and cite to a redacted copy of Plaintiff's confinement. See Ex. A to Head Declaration, attached to Defendants' Motion for Summary Judgment.

[2] See Bradshaw Declaration at ¶ 3 and Burke County Jail Log Book, Ex. B to Head Dec., attached to Defendants' Motion for Summary Judgment.

[3] See Wilson Declaration at ¶ 3 and Burke County Jail Log Book, Ex. B to Head Dec., attached to Defendants' Motion for Summary Judgment.

where no evidence to suggest that the defendant knew plaintiff was at risk of harm). In fact, the only evidence before the Court establishes that neither Pearson nor English had a prior assaultive history at the jail.[4] Plaintiff cannot prevail on his claim that Defendants failed to protect him because he has not established that defendants knew inmates English and Pearson were a risk to Plaintiff.

In his response to Defendants' Motion for Summary Judgment, Plaintiff does not mention Defendant Head, the cigarettes or the assault for payment at all. Instead he only argues that Defendants Wilson and Bradshaw failed to protect him by leaving him in his cell with his attackers after they were aware that Plaintiff had been beaten up. The record establishes that Defendants became aware that Plaintiff had been in a fight and needed medical attention at 5:45 p.m., on March 18, 2006. Defendant Bradshaw called both Sargent Crump and Lieutenant Head and left messages at approximately 6:15 p.m. and 6:20 p.m. (Burke County Jail Log Book, Ex. B to Head Dec.). Five minutes after Defendant Bradshaw left a message for Lieutenant Head, Defendant Head called back and instructed Bradshaw to move Plaintiff to a different holding cell. (Burke County Jail Log Book, Ex. B to Head Dec., Head Dec. ¶ 5, Bradshaw Dec. ¶ 6) Defendant Wilson then moved Plaintiff to a holding cell by himself. (Wilson Dec. ¶4.) According to the log book from the Burke County Jail, Plaintiff was moved to an individual holding cell within forty-five minutes of Defendants' learning that he had been assaulted. While, it may have been preferable for Defendants to move Plaintiff as soon as they became aware of the assault, Plaintiff is not entitled to relief on his claim because he

_____

[4] In his response to Defendants' Motion for Summary Judgment, Plaintiff included a statement by David Gabbard, presumably an inmate, that in 2006 he and English beat up a child molester because a guard paid inmate English to do so, but Gabbard took the blame. The Court notes that this statement does not alter the Court analysis because even if true, it does not establish that any of the defendants in this case were aware that inmate English had this history of assaulting inmates. Moreover, given that Mr. Gabbard admits to taking the blame for this incident, there would be no record establishing that inmate English posed a threat to anyone.

does not allege any further assault during the brief period while Defendants contacted their supervisor.[5] Therefore, Plaintiff is not entitled to relief on his claim that Defendants Wilson and Bradshaw failed to protect him after he had been assaulted.

## II. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is Dismissed and Defendants' Motion for Summary Judgment is Granted.

**SO ORDERED**.

Signed: January 30, 2008

Graham C. Mullen
United States District Judge

---

[5] The Court notes that in his Complaint, Plaintiff does allege that inmates English and Pearson did continue beating him while the trustee was gone.